**Opinion issued December 1, 2015**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-14-01031-CR

_____

**LAKEISHA SCOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1387553**

---

## MEMORANDUM OPINION

Appellant, LaKeisha Scott, pleaded guilty to the first-degree felony offense of injury to a child—serious bodily injury, with the agreed recommendation that she receive five years' confinement. *See* TEX. PENAL CODE ANN. §§ 22.04(a)(1), (e) (West Supp. 2014). On August 23, 2013, the trial court assessed appellant's

punishment at five years' confinement, in accordance with the terms of her plea bargain with the State. The trial court certified that this is a plea-bargain case and that appellant has no right of appeal.

Nevertheless, appellant untimely filed a *pro se* notice of appeal on December 10, 2014. The trial court appointed Marcus J. Fleming as appellant's appellate counsel, who filed a motion to withdraw with an *Anders* brief stating that the record presents no non-frivolous issues or reversible error and that, therefore, this appeal is without merit and frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Appellant has not filed any response to her counsel's *Anders* brief. We dismiss the appeal for want of jurisdiction.

In a criminal case, an appeal is perfected by timely filing a sufficient notice of appeal with the trial clerk to invoke our appellate jurisdiction. *See* TEX. R. APP. P. 25.2(a)(2), (b). A criminal defendant's notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, if the defendant has not filed a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal that complies with the requirements of rule 26 is essential to vest the court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to

address the merits of the appeal. *See Slaton*, 981 S.W.2d at 210.

Here, the trial court signed the judgment on August 23, 2013, and imposed the sentence on that date. Appellant did not timely file a motion for new trial or extension of time to file a notice of appeal, making her notice of appeal due by September 23, 2013. *See* TEX. R. APP. P. 26.2(a)(1), 26.3. Appellant's notice of appeal was not filed until December 10, 2014, more than fifteen months after the judgment was signed. *See* TEX. R. APP. P. 26.2(a)(1). Thus, under these circumstances, we can take no action other than to dismiss this appeal for want of jurisdiction. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

## CONCLUSION

Accordingly, we **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.[1]

## PER CURIAM

Panel consists of Justices Higley, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Attorney Marcus J. Fleming must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). Appointed counsel still has a duty to inform appellant of the result of this appeal and that she may, on her own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).